IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 99-cv-01752-LTB

ALEXEI KANG LEE,

    Plaintiff,

v.

CARL BOLES, RAYMOND STOLTZ, CHRISTINE CORRELL, PETER MARINKOVICH, JAY MEUHLENKAMP, GLENN BOLES, ANGIE BOLES, and DAVID DESTEFANO,

    Defendants.

_____

Civil Case No. 99-cv-02335- LTB (consolidated)

CARL BOLES, RAYMOND STOLTZ, CHRISTINE CORRELL, PETER MARINKOVICH, JAY MEUHLENKAMP, GLENN BOLES, ANGIE BOLES, and DAVID DESTEFANO,

    Plaintiffs,

v.

MONROE PARKER SECURITIES, INC., TOM CHRISTENSEN, KENNETH ENGLEBOURG, NEIL FLAMER, ALAN S. LIPSKY, BRYAN J. HERMAN, ALEXEI KANG LEE, RALPH ANGELINE, JEFFREY LOGEL, RICHARD LEVITOV, ATL HOLDING CORP., RICHARD SCHNAPPER, and MICHAEL VALENTOLI,

    Defendants.

_____

ORDER
_____

    These consolidated cases are before me on Raymond Stoltz and Christine Correll's (the "Stoltzes") Motion for Clarification of Amended Judgment [Doc # 88]. By the motion, the Stoltzes seek "an order to clarify the existing judgment ... against Alexei Kang Lee (" Lee") granted by this court on April 9, 2002 by adding him to the paragraph that defines the award."

## I. Background

The April 9, 2002 Amended Judgment (the "Amended Judgment") provides, in pertinent part:

PURSUANT TO and in accordance with the Order entered by Chief Judge Lewis T. Babcock on February 1, 2002, it is

> FURTHER ORDERED that defendants' motion for summary judgment against Mr. Lee is granted. It is
>
> FURTHER ORDERED that the arbitration award is confirmed as to Mr. Lee. It is
>
> FURTHER ORDERED that Judgment is entered for Carl Boles, Raymond Stoltz, Christine Correll, Peter Marinkovich, Jay Muehlenkamp, Glenn Boles, Angie Boles, and David DeStefano and against Alexei Kang Lee.

PURSUANT TO and in accordance with the Order entered by Chief judge Lewis T. Babcock on April 3, 2002, it is

> FURTHER ORDERED that the magistrate judge's recommendations are accepted. It is
>
> FURTHER ORDERED that the motion for default judgment against Neil Flamer is granted. It is
>
> FURTHER ORDERED that the motions for default judgment against Monroe Parker Securities, Inc. Alan S. Lipsky, and ATL Holding Corp., Richard Levitov, Kenneth Engelbourg, Ralph Angeline, and Tom Christensen are granted. It is
>
> FURTHER ORDERED that judgment is entered for Carl Boles, Raymond Stoltz, Christine Correll, Peter Marinkovich, Jay Muehlenkamp, Glenn Boles, Angie Boles, and David DeStefano and against Neil Flamer, Monroe Parker Securities, Inc. Alan S. Lipsky, and ATL Holding Corp., Richard Levitov, Kenneth Engelbourg, Ralph Angeline, and Tom Christensen, jointly and severally, in the following amounts:
>
> | | |
> |---|---|
> | Carl Boles | $ 69,610.43 |
> | Raymond Stoltz & Christine Correll (Stoltz) | $499,037.62 |
> | Peter Marinkovich | $ 21,180.17 |
> | Jay Muehlenkamp | $ 23,872.16 |

|  |  |
|---|---|
| Glenn and Angie Boles | $ 19,964.37 |
| David DeStefano | $  6,191.01 |
| Costs | $ 18,381.17 |
| Attorney Fees | $213,285.25 |

...

The Arbitration Award confirmed by the Amended Judgment and this Court's Order dated February 1, 2002 provides that

1. Respondents Monroe Parker Securities, Inc., Tom Christensen, Kenneth Englebourg, Neil Flamer, Alan S. Lipsky, Bryan Jay Herman, **Alexei Kang Lee,** Ralph Angeline, Jeffrey Logel, Richard Levitov, and ATL Holding Corp. shall be and hereby are jointly and severally liable and shall pay to the Claimants the total sum of $639,855.76 as follows:

   |  |  |
   |---|---|
   | Carl Boles | $ 69,610.43 |
   | Ratymond Stoltz and Christine Correll (Stoltz) | $499,037.62 |
   | Peter Marinkovich | $ 21,180.17 |
   | Jay Muehlenkamp | $ 23,872.16 |
   | Glenn and Angie Boles | $ 19,964.37 |
   | David DeStefano | $  6,191.01 |

...

3. Respondents Monroe Parker Securities, Inc., Tom Christensen, Kenneth Englebourg, Neil Flamer, Alan S. Lipsky, Bryan J. Herman, **Alexei Kang Lee,** Ralph Angeline, Jeffrey Logel, Richard Levitov, and ATL Holding Corp. shall be and hereby are jointly and severally liable and shall pay to the Claimants the total sum of $213,285.25 as attorneys' fees and $18,381.17 in costs. ...

(Emphasis added).

The scope of the Court's Order dated April 3, 2002 was limited a review of the magistrate judge's recommendations regarding (1) a motion for default judgment against Monroe Parker Securities, Inc.; Alan S. Lipsky; and ATL Holding Corp.; (2) a motion for default judgment against Richard Levitov; Kenneth Engelbourg; Ralph Angeline; and Tom Christensen;

and (3) a motion for default judgment against Neil Flamer and a related motion to set aside the underlying default.

## II.  Standard of Review

The Stoltzes, who are now pro se, did not cite any legal authority in support of the relief they request.  Under Fed. R. Civ. P. 60(a), however,

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

A court may use Rule 60(a) "to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented." *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir. 1992).  A court may not, however, use Rule 60(a) "to reflect a new and subsequent intent because it perceived its original judgment to be incorrect."  *Id.*

## III.  Analysis

I agree with the Stoltzes that clarification is necessary to resolve an ambiguity in the Amended Judgment that has hindered the collection of their judgment against Lee.  Clarification of the judgement against Lee would be consistent with the Court's original intent and is necessary to effectuate the Court's intent that the Stoltzes have a valid and enforceable judgment against Lee.  Specifically, in that portion of the Amended Judgment directed to Lee, I confirmed the Arbitration Award which clearly and unequivocally found that Lee was jointly and severally liable with other Defendants in Case No. 99-cv-02335 to the Stoltzes for the principal amount of $499,037.62 plus attorney fees and costs.

The only reason that Lee is not included in that paragraph of the Amended Judgment that sets forth the specific amounts awarded to the Stoltzes and other Plaintiffs is because this paragraph relates only to my April 3, 2002 Order, the scope of which was limited to a review of the magistrate judge's recommendations regarding motions for default judgment against the Defendants that are listed.  The fact that Lee is not listed in this paragraph therefore has no bearing on his liability to the Stoltzes pursuant to my February 1, 2002 Order and the Arbitration Award as previously set forth in the Amended Judgment.  By the same token, the necessary clarification must be accomplished by adding paragraphs reflecting the amount of the judgment against Lee to that portion of the Amended Judgment addressing my Order dated February 1, 2002.  This clarification, as specifically set forth below, does not substantively alter the terms of the Amended Judgment and is authorized by Fed. R. Civ. P. 60(a).

IT IS THEREFORE ORDERED that

1.  Raymond Stoltz and Christine Correll's (the "Stoltzes") Motion for Clarification of Amended Judgment [Doc # 88] is GRANTED; and

2.  The Amended Judgment dated April 9, 2002 shall be amended to add the following paragraphs to that portion of the Amended Judgment addressing my Order dated February 1, 2002:

> It is FURTHER ORDERED that judgment is entered for Carl Boles, Raymond Stoltz, Christine Correll, Peter Marinkovich, Jay Muehlenkamp, Glenn Boles, Angie Boles and David DeStefano  and against Alexei Kang Lee, jointly and severally with Monroe Parker Securities, Inc., Tom Christensen, Kenneth Englebourg, Neil Flamer, Alan S. Lipsky, Bryan Jay Herman, Ralph Angeline, Jeffrey Logel, Richard Levitov, and ATL Holding Corp., in the following amounts:
>
> | | |
> |---|---|
> | Carl Boles | $ 69,610.43 |
> | Raymond Stoltz & Christine Correll (Stoltz) | $499,037.62 |

| | |
|---|---|
| Peter Marinkovich | $ 21,180.17 |
| Jay Muehlenkamp | $ 23,872.16 |
| Glenn and Angie Boles | $ 19,964.37 |
| David DeStefano | $  6,191.01 |
| Costs | $ 18,381.17 |
| Attorney Fees | $213,285.25 |

It is FURTHER ORDERED that prejudgment interest is awarded at the rate of 8% per annum from and inclusive of April 23, 1999.

It is FURTHER ORDERED that post judgment interest shall accrue at the legal rate of 2.7% per annum from the date of the original judgment.

Dated: December   14  , 2011 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE